UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
**JOSEPH POLIMEDA,**                :
                                    :
    *Plaintiff*,           :    **Civil Action No. 14-7396**
                                    :
    v.                      :    **ORDER**
                                    :
**DEUTSCHE BANK NATIONAL**          :
**TRUST COMPANY, et al.,**          :
                                    :
    *Defendants*.           :
_____ :

    **THIS MATTER** having come before the Court on the motion of Plaintiff Joseph Polimeda for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) [Dkt. No. 6] and the cross-motion of Defendants Mortgage Electronic Registration System ("MERS") and One West Bank, FSB ("One West"), to vacate default [Dkt. No. 10];

    and it appearing that the entry of default judgment is disfavored, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008); and it further

    appearing that proof of proper service is a prerequisite to this Court's entry of a default judgment, see Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008); and it further

    appearing that Plaintiff failed to effect proper service of the Complaint on Defendants; and it further

appearing that One West and MERS have demonstrated good cause in support of their motion to vacate the clerk's entry of default, see Fed. R. Civ. P. 55(c); see also Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000);[1]

**IT IS** on this 27th day of April, 2015,

**ORDERED** that Plaintiff's motion for default judgment is **DENIED**; and it is further

**ORDERED** that the cross-motion of Defendants MERS and One West to vacate default is **GRANTED**; and it is further

**ORDERED** that Defendants shall answer or otherwise respond to the Complaint by May 12, 2015.

s/ *Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[1] In determining whether to grant a motion for default judgment, the Court considers the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164.  Plaintiff would not be prejudiced in the absence of a default judgment, since there is no indication that Plaintiff would be rendered unable "to try his case on its merits" without entry of default. Toy v. Hayman, No. 07-3076, 2008 WL 5046723, at *3 (D.N.J. Nov. 20, 2008).  Moreover, there is no evidence that Defendants' failure to timely answer or otherwise respond resulted from their own culpable conduct.  Rather, the evidence establishes that Defendants were never properly served.  Although Defendants have not demonstrated the existence of a meritorious defense, the Court is satisfied that Plaintiff's motion for default judgment should be denied on the basis of the first and third factors outlined above.